UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Timothy L. White,

    Plaintiff,

v.                                              Case No. 18-12487

Commissioner of Social Security,         Sean F. Cox
                                                        United States District Court Judge

    Defendant.
_____/

**ORDER ADOPTING
3/8/2019 REPORT AND RECOMMENDATION**

Plaintiff filed this action seeking judicial review of Defendant Commissioner of Social Security's unfavorable decision denying his claim for Title II disability insurance benefits. The matter was referred to Magistrate Judge Patricia T. Morris for determination of all non-dispositive motions pursuant to 28 U.S.C. § 636(b)(1) and a Report and Recommendation pursuant to § 636(b)(1)(B) and (C). Thereafter, both parties moved for a remand, agreeing that the administrative law judge ("ALJ") had failed to fully address Plaintiff's post-traumatic stress disorder ("PTSD"). The sole point of dispute between the parties' motions was whether a different ALJ should be assigned to the case on remand due to the present ALJ's alleged bias.

On March 8, 2019, Judge Morris issued a Report and Recommendation ("R&R") (ECF No. 14) wherein she recommends that the Court (1) grant Defendant's motion (and Plaintiff's motion to the extent it seeks remand rather than outright reversal and an award of benefits); (2) vacate the Commissioner's final decision denying benefits; and (3) remand the case to the Commissioner under "sentence four" of 42 U.S.C. § 405(g) *without* ordering that a new ALJ handle the case.

1

Pursuant to FED. R. CIV. P. 72(b), a party objecting to the recommended disposition of a matter by a Magistrate Judge must file objections to the R&R within fourteen (14) days after being served with a copy of the R&R. "The district judge to whom the case is assigned shall make a *de novo* determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made." *Id*.

On March 22, 2019, Plaintiff filed timely objections to the R&R. (ECF No. 15). Defendant filed a response to those objections on March 28, 2019. (ECF No. 16).

Plaintiff's only objection is to Judge Morris's conclusion that the Court should not grant his request for a new ALJ. Plaintiff is a former Marine, who was present during the 1983 bombing of the Marines barracks in Beirut. During the hearing with the ALJ, the following exchange occurred, which forms the basis of the alleged bias:

| | |
|---|---|
| ALJ | You're diagnosed with PSTD [sic]. What are you PSTD [sic] symptoms? |
| Plaintiff | Nigtmares, vision, reliving, regrets. |
| ALJ | What are you reliving? |
| Plaintiff | Well now that I've come to realize that these problems I had of these people that I lost, ultimately you have to relive this. You have to find some kind of solution, some kind of happy medium. Although I don't think you can ever resolve it, but I know when I lost 243 marines and service men [in Beirut], I felt shame and guilt. I could've done more. Why wasn't I doing more? I had friends even after the fact. |
| ALJ | Were you in the dorm that was bombed? |
| Plaintiff | No, Sir, I was guarding just past the dorm. We weren't even allowed to load |

2

|  | our rifles when we were there, and if that's all the government felt about us, well I have trouble with that too and here it is 35 years later, no one even acknowledges Beirut. You don't hear nothing about it. There's nothing in the history books that documents - - |
| --- | --- |
| ALJ | Well we got a lot of water under the dam since 1982. |
| Plaintiff | I'm not disputing that. |
| ALJ | Its lightening for space with a lot of events after that have happened since then . . .[1] |

(ECF No. 7, PageID 673).

In his motion, Plaintiff argued that the ALJ's comments about the Beirut bombing, and its

---

[1] Notably, Judge Morris's R&R contained the following footnote, which sheds light on Plaintiff's argument that the ALJ's comments constitute bias:

"In Plaintiff's brief, counsel makes two "representations" about the dialogue that do not appear on the face of the administrative record: "first, the statement by the ALJ about water under the dam was accompanied by an audible chuckle; second, the transcript in the next comment by the ALJ shows 'lightening' when the ALJ actually said fighting." (R. 9, PageID.419 (emphasis removed).) But in a case like the present, where remand is sought based on the Commissioner's error rather than on new evidence that subsequently came to light, the Court is constrained to reviewing the record as it exists, without supplementation by the unsworn statements or declarations of counsel. 42 U.S.C. § 405(g); *Miller v. Comm'r of Social Sec.*, 811 F.3d 825, 839 (6th Cir. 2016) (noting that courts reviewing agency action can consider evidence outside the record only in limited circumstances, such as for background information, but cannot let the evidence transform the review into a trial de novo); *see also Carrelli v. Comm'r of Soc. Sec.*, 390 F. App'x 429, 436 (6th Cir. 2010) ("[A]nd 'any alleged prejudice must be evident from the record and cannot be based on speculation or inference.'" (citation omitted)). Even so, neither of counsel's "representations" would change the recommended outcome. The ALJ's unrecorded fleering would amount to a "demeaning and discourteous manner" that should be discouraged but would not justify finding bias. *Collier v. Comm'r of Soc. Sec.*, 108 F. App'x 358, 364 (6th Cir. 2004). Correcting the possible mistranscription of "fighting" does not make bias more or less likely, but only clarifies the ALJ's statement."

(ECF No. 14, PageID 453)

3

place in history, demonstrated bias because they were "belittling" and "downgrade[ed] the very severe trauma that triggered the condition and thus further [struck] at Plaintiff's belief that this is a forgotten event—a fact which distresses him even more and which is actually borne out by the very conduct of the ALJ."

Judge Morris disagreed, concluding that [a]t worst, [the ALJ's statements] implies that other events deserve greater histiographical prominence—it does not suggest, though, that the ALJ believed the trauma of surviving a bombing could be sloughed off without any disabling emotional scares." (ECF No. 14, PageID 461).

In his objection, Plaintiff acknowledges that, standing alone, the ALJ's comments are not enough to show bias. However, Plaintiff argues that, when the comments are considered in the context of the ALJ's misrepresentation of his PTSD diagnosis, bias has been established.

The Court disagrees. As Judge Morriss noted, the party asserting bias must overcome the presumption of impartiality by providing convincing evidence—based on the record and not speculation—that a risk of bias or prejudgment existed. *See Collier v. Comm'r of Soc. Sec.*, 108 F.App'x 358, 363 (6th Cir. 2004). A claim of bias must also be supported by a "strong showing" of bad faith. *Carrelli v. Comm'r of Soc. Sec.*, 390 Fed. App'x 429, 437 (6th Cir. 2010). Even considering the ALJ's comments in the context of his failure to properly address Plaintiff's PTSD, Plaintiff's allegation of bias rests soley on speculation. The Court agrees with Judge Morris's conclusion that, at worst, the comments imply that other events deserve greater historical prominence, and that the ALJ's mistake regarding PTSD likely resulted from a run-of-the-mill rush job. The Court will not order the Defendant to assign Plaintiff to a different ALJ on remand.

Accordingly, the Court overrules Plaintiff's objection and hereby **ADOPTS** the March 8,

2019 R&R.

The Court **ORDERS** that Defendant's Motion for Remand is **GRANTED**, and Plaintiff's Motion for Summary Judgment is **GRANTED** to the extent it seeks remand.

The Court **FURTHER ORDERS** that the Commissioner's final decision denying benefits is **VACATED**, and that this case is **REMANDED** for further proceedings pursuant to Sentence Four of 42 U.S.C. § 405(g).

**IT IS SO ORDERED**.

                s/Sean F. Cox
                Sean F. Cox
                United States District Judge

Dated: May 21, 2019